IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**TIMOTHY WILSON**                                                                             **PETITIONER**

**5:18CV00056 JM/PSH**

**WENDY KELLY, Director,**
**Arkansas Department of Correction**                                       **RESPONDENT**

**FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Petitioner Timothy Wilson ("Wilson") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Respondent Wendy Kelley ("Kelley") has submitted her response to Wilson's application, and Wilson has, at the invitation of the Court, countered Kelley's response.

Wilson is currently in the custody of the Arkansas Department of Correction (ADC) following his 2017 guilty plea and conviction in the Washington County Circuit Court on the charge of rape. Wilson was sentenced to a total of 15 years' imprisonment. Having entered a guilty plea, no direct appeal was available. Wilson did not file a Rule 37 petition for postconviction relief with the trial court.

In his federal habeas corpus petition, Wilson claims he received ineffective assistance of

1

counsel in the following ways:

(1) he pleaded guilty after his attorney lead him to believe that his case was set for trial in just a matter of days;

(2) his trial attorney failed to reasonably and adequately investigate the case; and

(3) his trial attorney misinformed him about parole eligibility.

Kelley contends that all of Wilson's claims are procedurally barred in this Court due to his failure to adequately pursue these claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, Kelley cites Wilson's failure to raise the claims in a Rule 37 proceeding in state court. By prior Court Order, Wilson was notified of his opportunity to respond to Kelley's procedural default argument, and he has done so. Docket entry no. 8.

**Procedural Default Analysis**

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded

2

counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

Liberally construing Wilson's response to Kelley's arguments, he contends there was an external impediment which prevented him from raising his claims in state court, and ineffective assistance of counsel also resulted in his failure to allow the state courts an opportunity to address the claims he now advances.

Wilson points to the absence of any instructions from his attorney or the trial court as the external impediment which prevented him from filing a Rule 37 petition. Wilson notes his trial attorney informed him that "if he pleaded guilty, there would be no right to file any appeals." Petition, page 2. Similarly, Wilson alleges the trial judge informed him that a guilty plea waived "his right to take any kind of appeal from his conviction or sentence." *Id.* Wilson claims he did not pursue Rule 37 relief because of his reliance upon the statements made by his attorney and the trial judge. However, Wilson is mistaken in describing the actions of the trial attorney and trial judge as somehow preventing him from filing a Rule 37 petition raising his claims of ineffective assistance of counsel. Both the trial attorney and the trial judge were correct when Wilson was informed that no direct appeal would be available if he entered the guilty plea. The Rule 37 proceeding is not a direct appeal but a collateral, post-conviction proceeding. Since the Rule 37 proceeding is collateral and postconviction in nature, a defendant is not entitled to counsel at this stage. *Coleman v. Thompson*, 501 U.S. 722 (1991). Further, Wilson bore the responsibility for investigating and

initiating a Rule 37 proceeding, and for doing so without instructions from trial counsel or the trial judge. The absence of assistance from others does not amount to an external impediment to Wilson. *See, e.g., Shaw v. Delo*, 971 F.2d 181 (8th Cir. 1992) (external impediment could be governmental interference or the reasonable unavailability of the claim's factual basis). There is no merit to the notion that Wilson failed to raise his claims in state court due to the advise or lack thereof from the trial attorney and judge.

Wilson's second argument aimed at overcoming the procedural default is a restatement of his first argument – he claims ineffective assistance of trial counsel for failing to inform him of the Rule 37 proceeding and its availability. However,"[a] claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief." *Leggins v. Lockhart*, 822 F.2d 764, 768 n.5 (8th Cir. l987). Clearly, Wilson failed to raise ineffective assistance of trial counsel in any state court forum. Therefore, trial counsel's alleged acts or omissions does not amount to cause for Wilson's procedural lapse in state court.

As a result of the foregoing, we recommend the petition be dismissed due to Wilson's failure to fairly present his claims in state court, and his failure to demonstrate cause and prejudice for this failure. Although Wilson does not explicitly raise two additional issues, we address them.

First, the Court is mindful that *Martinez v. Ryan*, 566 U.S. 1(2012), creates a narrow equitable exception to the doctrine of procedural default. However, this exception does not apply when a petitioner fails to file a Rule 37 petition. This is ably explained by the United States Court of Appeals for the Third Circuit:

> The rule in *Martinez* is triggered either where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial or where appointed counsel in the initial-review collateral proceeding was ineffective. The Supreme Court was adamant that its holding in *Martinez* created a "limited" and "narrow" exception to the rule established in *Coleman.* 132 S.Ct. at 1315, 1319. Because the Court spoke only of applying its

> exception to an "initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel[,]" we conclude that the *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever. *Id.* at 1318. Were it otherwise, the *Martinez* rule could potentially apply to any defendant who failed to petition for state collateral review.

*Jones v. Pennsylvania Bd. of Prob. & Parole*, 492 F. App'x 242, 246–47 (3d Cir. 2012). *See also, Anderson v. Koster*, 2012 WL 1898781 (W.D. Mo. 2012) (*Martinez* not applicable when the petitioner himself is at fault for not filing a postconviction petition in the first place); *Stephens v. Kelley*, 2016 WL 5868092 (E.D. Ark. 2016).

A final issue must be addressed. Liberally construing his pleadings, Wilson may be alleging he is actually innocent of rape. Actual innocence, adequately proved, may overcome a procedural bar and provide a path or open a gateway to consideration of claims which would otherwise be barred. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In order to prove actual innocence, the Supreme Court sets forth the requirements:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Wilson; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. This very high standard is heightened further when a petitioner such as Wilson enters a guilty plea. Solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Wilson's cursory assertion of actual innocence is without merit, as he fails to submit new evidence of any kind. To the contrary, he reiterates the evidence which existed at the time he entered his guilty plea. This falls short of satisfying the *Schlup* standard.

In summary, the Court recommends dismissal due to the uncured procedural default of Wilson. The petition should be dismissed, and the relief requested should be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends the certificate of appealability be denied.

IT IS SO ORDERED this 27th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE